[Geiss and Wife *v.* Odenheimer.]

## William Geiss and Eve his wife *against* George U. Odenheimer.

The real time of execution of a deed may be shewn by parol testimony. When a deed is antedated, the burden of proof of the time of its execution lies on the party claiming under it.

SCIRE FACIAS SUR mortgage dated 17th December 1801, by Peter P. Walter to the plaintiffs, to secure the payment of 800 dollars with interest on the 17th June 1802, acknowledged 18th December 1801, and recorded on the next day.

Walter conveyed the premises to Odenheimer by deed dated 20th July 1801 (but which was admitted to be antedated) acknowledged 18th December 1801, and recorded 27th April 1802 ; and Odenheimer was substituted as the defendant, under the plea of payment, with leave to give the special matter in evidence. The only question was, whether the mortgage or deed was first executed.

Mr. Rawle for the defendant, called the subscribing witnesses to the deed, to prove the time of its execution ; but this was opposed by Mr. M. Levy for the plaintiffs.

Every deed is intended to be delivered on the day it bears date. 2 Inst. 674. Antedating a deed is a strong presumption of fraud. Under the general words of the 8th section of the recording act of 1715, no deeds shall convey any freehold or inheritance, or grant any estate for life or years, unless the same be recorded in the proper county, within six months after the date thereof. 1 St. Laws 112. Reckoning the months to be calendar months, this deed was not recorded till seven days after the time *allowed. Under the supplement to the recording act [*279 passed in 1775, the subsequent mortgage being first recorded shall prevail against it. 1 St. Laws 703. If the mortgage had assigned it, a purchaser thereof would have no doubts of its sufficiency on examining the records. The date is an operative part of the deed, and it is the policy of the acts instituting the recorder's office, that persons using due diligence should be protected in their titles. It would be highly inconvenient, that a time of execution of a deed varying from the apparent date should be established by parol testimony.

The court stopped the defendant's counsel from proceeding, as they had no difficulty on the point.

And *per* TILGHMAN, C. J. The very authority in 2 Inst. 674, shews that the real time of delivery of a deed may be shewn in evidence. The date shall be intended the time of delivery unless the contrary is proved ; the presumption stands until it is removed by testimony. It would be of the most dangerous consequence, to assert that the dates of deeds are conclusive ; the

greatest frauds might thus be committed. If the true time of execution may be proved by one party, so may it by the other. The 8th section of the recording act of 1715 has been always confined to mortgages and defeasible deeds; a different construction would overthrow many titles. The supplement thereto has varied the expressions, but furnishes a strong legislative exposition of the former act. The deeds and conveyances are to be recorded within six months after their execution. We have no doubt but the evidence is strictly legal, and must be received.

YEATES, J. It has been determined in this court on solemn argument, in Burk v. Allen, that the 8th section of the act of 1715 does not extend to deeds in general.

The witnesses were examined, but could not establish the time of execution of the deed.

On the contrary, it appeared by the deposition of Walter, that the mortgage was first executed, and his testimony was corroborated by several circumstances.

After the counsel had addressed the jury, the chief justice submitted to them, that if they believed the testimony of Walter, the plaintiff must prevail. But if they should doubt his credibility, and believe that the deed was executed on the 17th December, the day of its acknowledgment, still it was incumbent on the grantee to establish its execution prior to that of the *mortgage. The deed being confessedly antedated, the burden of proof was thrown on the defendant.

*280]

Verdict for the plaintiff for 1002 dollars debt.

Cited in 7 Watts 283 in support of the proposition that deeds founded upon absolute sales of land were never considered embraced within the act of 1715.